

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00038-CV

Claudia **CHAVEZ**,
Appellant

v.

**ALLIED TRUST INSURANCE COMPANY**,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI06083
Honorable John D. Gabriel Jr., Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
              Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice

Delivered and Filed: August 13, 2025

DISMISSED

On January 16, 2025, appellant filed a notice of appeal challenging the trial court's denial of her motion to set aside appraisal award, denial of her objections to appellee's motion for summary judgment, and the granting of appellee's motion for summary judgment. Thereafter, the trial court clerk filed the clerk's record, but it does not contain a final judgment.

In general, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Final judgment" is a term of art, and it means a judgment that

disposes of all parties and all claims and is final for purposes of appeal. *See id.* When an order does not dispose of all pending parties and claims, it remains interlocutory and unappealable until a final judgment is rendered unless a statutory exception applies. *Id*.; TEX. CIV. PRAC. & REM. CODE § 51.014.

Here, at the conclusion of the hearings on appellant's and appellee's motions, the trial court took its ruling under advisement. Thereafter, the trial court docketed unsigned judge's notes in which the following relevant handwritten notations appear:

- [Appellee's] m/summary judgment — Granted

- [Appellant's] objection to [appellee's] S/J evidence — Denied

- [Appellant's] m/set aside — Denied

The trial court would later sign a written order denying appellant's motion to set aside; however, there is no statutory basis for an interlocutory appeal from the denial of a motion to set aside an appraisal award. TEX. CIV. PRAC. & REM. CODE § 51.014; *Gonzalez v. Am. Nat'l Lloyds Ins. Co.*, No. 13-23-00148-CV, 2023 WL 5285364, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 17, 2023, no pet.) (mem. op.). No written order on the motion for summary judgment signed by the trial court appears in the record before this court.

Accordingly, because it appeared we did not have jurisdiction over this appeal, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant filed a response, but the response does not establish this court's jurisdiction over her appeal. *See Baker v. Bizzle*, 687 S.W.3d 285, 292–94 (Tex. 2024); *Basaldua v. San Antonio Water Sys.*, No. 04-23-00537-CV, 2023 WL 5418814, at *1 n.1 (Tex. App.—San Antonio Aug. 23, 2023, no pet.) (mem. op.) (per curiam) (noting that unsigned judge's notes are for the judge's convenience and do not qualify as an order); *In re S.L.M.*, No. 04-16-00456-CV, 2016 WL

4537664, at *1 (Tex. App.—San Antonio Aug. 31, 2016, no pet.) (mem. op.) (per curiam). Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM